UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ERIK COOPER, individually,                )
d/b/a ACUITY CONSULTING SERVICES, )
d/b/a STORMARK ENTERTAINMENT,     )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )        No.:   3:25-CV-376-TAV-JEM
                                          )
SMARTBANK and                             )
GUS FLOODQUIST, individually and          )
in his official capacity,                 )
                                          )
            Defendants.                   )

## MEMORANDUM OPINION

This civil action is before the Court on plaintiff's motion to amend [Doc. 19], defendants' motion to dismiss [Doc. 13], defendants' motion to remand [Doc. 14], plaintiff's motion to strike the motion to dismiss [Doc. 20], and plaintiff's motion to stay [Doc. 16]. These matters are fully briefed [*see* Docs. 17, 18, 21, 22, 23, 24, 25, 27, 28] and are now ripe for resolution. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, plaintiff's motion to stay [Doc. 16], motion to strike [Doc. 20], and motion to amend [Doc. 19] are **DENIED**, defendants' motion to remand [Doc. 14] is **DENIED as moot**, and defendants' motions to dismiss [Doc. 13] is **GRANTED**. The state court action referenced in the notice of removal [Doc. 11] is **REMANDED**, and this civil action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## I.    Background

Plaintiff filed the complaint in this civil action on August 4, 2025, as a class action

complaint [Doc. 1]. Plaintiff alleges that the Coronavirus Aid, Relief, and Economic Securities Act ("CARES Act") allocated money to the Small Business Administration ("SBA") to provide forgivable loans to eligible small businesses, called the Paycheck Protection Program ("PPP") [*Id.* ¶¶ 1–2]. The SBA partnered with numerous financial institutions, including SmartBank, which was required to execute a CARES Act Lender Agreement with the SBA [*Id.* ¶ 5]. Plaintiff alleges that defendants marketed the PPP program to small business owners in a "deceptive and misleading manner" [*Id.* ¶ 7]. Specifically, defendant alleges that he was informed that he could apply for PPP loans for both of his sole proprietorships and that, as long as the loan funds were used to cover eligible expenses, the loans would be forgiven, but plaintiff later discovered this was false [*Id.*]. Plaintiff alleges that SmartBank now refuses to forgive his loans, even though they encouraged applicants, like him, to assume these debts by promising it would be forgiven by the government's "good faith promise guarantee" [*Id.* ¶ 10].

In the complaint, plaintiff states that he "is a citizen of the United States of America and a resident of Los Angeles County, California and Sevier County, Tennessee" [*Id.* ¶ 19]. He alleges that SmartBank "is a Tennessee corporation whose principal business address is [in] . . . Pigeon Forge, Tennessee," and Gus Floodquist, the vice president and lending officer of SmartBank, is "a resident of Sevier County, Tennessee" [*Id.* ¶¶ 20–21]. Plaintiff alleges that the Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) [*Id.* ¶ 22].

In his complaint, plaintiff alleges claims for breach of contract, breach of the implied

2

covenant of good faith and fair dealing, negligent misrepresentation, fraudulent misrepresentation, fraud in the inducement, breach of fiduciary duty, violation of Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*, and violation of Tennessee criminal law, Tenn. Code Ann. § 39-14-127 [*Id.* at 50–106].

On September 16, 2025, plaintiff filed a "Notice of Removal of State Court Action to the United States District Court," purporting to remove the action styled as *SmartBank v. Erik Cooper, dba Storymark Entertainment*, filed in the Chancery Court for Sevier County, Tennessee, into this action [Doc. 11].

Thereafter, defendants filed a motion to dismiss, alleging, *inter alia*, lack of subject-matter jurisdiction [Doc. 13]. Defendants simultaneously filed a motion to remand to state court, relating to plaintiff's notice of removal [Doc. 14]. Plaintiff subsequently filed a motion to stay this proceeding [Doc. 16], as well as a motion to amend or revise the complaint [Doc. 19] with a proposed amended complaint [Doc. 19-1], and a motion to strike the motion to dismiss [Doc. 20].

## II. Stay

As an initial matter, the Court notes that plaintiff has moved to stay these proceedings [Doc. 16]. Specifically, plaintiff states that, before filing this action, he filed another action styled *Erik Cooper, et al. v. United States Small Business Administration, et al.*, Case No. 3:25-cv-327-KAC-JEM (the "SBA Action") in this district [*Id.* at 2]. According to plaintiff, the SBA Action involves plaintiff's loans under the CARES Act, and the adjudication of the SBA Action "will directly impact damages alleged in the instant

3

action" [*Id.*].  Defendants oppose plaintiff's request for a stay [Docs. 21, 22].

For the reasons explained *infra*, the Court concludes that plaintiff has not met his burden of establishing that this Court has subject matter jurisdiction over the instant action.  Nothing about the disposition of the SBA Action would alter this conclusion.  Accordingly, the Court finds that a stay of this proceeding is not warranted, and plaintiff's motion for a stay [Doc. 16] is therefore **DENIED**.

## III.  Strike

Next, the Court notes that plaintiff has filed a motion to strike defendants' motion to dismiss or, in the alternative, for an extension of time to respond to the motion to dismiss [Doc. 20].  Specifically, plaintiff complains that defendants did not comply with the Court's Order Governing Motions to Dismiss, which requires a meet and confer certification, before filing their motion to dismiss [*Id.*].  Defendants responded in opposition to this motion [Doc. 24], and plaintiff replied [Doc. 28].

As part of its standard operating procedure, this Court entered an order governing motions to dismiss on August 14, 2025 [Doc. 4].  That order states:

> A motion pursuant to Federal Rule of Civil Procedure 12(b) is discouraged if the defect is likely to be cured by filing an amended pleading.  Therefore, the parties must meet and confer prior to the filing of a motion to dismiss to determine whether it can be avoided.  The duty to confer also applies to parties appearing pro se.  Consequently, a motion to dismiss must be accompanied by a notice indicating that the parties have conferred to determine whether an amendment could cure a deficient pleading, and have been unable to agree that the pleading is curable by a permissible amendment.
>
> MOTIONS TO DISMISS THAT DO NOT CONTAIN THE REQUIRED CERTIFICATION ARE SUBJECT TO BEING STRICKEN ON THE

4

COURT'S MOTION.

[*Id.*].

But, as this district has previously stated, "[t]he Court's meet and confer and certification requirements are tantamount to a local rule. The Court has broad discretion to overlook violations of its local rules." *SmartBank v. Cartron*, No. 4:19-cv-62, 2020 WL 1897168, at *4 (E.D. Tenn. Apr. 16, 2020) (internal citations omitted). This district also noted that "[t]he purpose of the Court's meet and confer requirements is to give the parties an opportunity to determine whether they can avoid a motion to dismiss by allowing any flaws with the complaint to be absolved by an amended complaint." *Id.*

Here, there is evidence that defendants attempted to meet and confer with plaintiff before filing the instant motion to dismiss [*see* Doc. 24-1], albeit not through plaintiff's preferred route of communication. But, regardless, even if defendants did not adhere to the meet-and-confer requirement, the Court has broad discretion to overlook this matter, which the Court finds appropriate in this circumstance, considering the lack of subject matter jurisdiction, as discussed *infra*, and the general purpose of the Court's meet-and-confer requirement. Accordingly, plaintiff's motions to strike [Doc. 20] is **DENIED**. Further, to the extent that plaintiff alternatively requests an extension of time to respond, the Court finds that plaintiff has had ample opportunity to respond to the issue of subject matter jurisdiction [*see* Docs. 19, 27], which the Court finds dispositive at this juncture, and therefore, the request for additional time to respond [Doc. 20] is **DENIED**.

5

## IV. Remand

Next, the Court turns to defendants' motion to remand [Doc. 14]. As noted *supra*, on September 16, 2025, after initiating this action, plaintiff filed a notice of removal of a separate state court action into the docket for this pending federal case [Doc. 11]. Defendants seek to remand the case on timeliness grounds [Doc. 14]. Plaintiff responded in opposition [Doc. 17], and defendants replied [Doc. 18].

But the Court finds it unnecessary to address the merits of defendants' motion [Doc. 14] and finds that remand is appropriate because plaintiff's notice of removal is procedurally improper. Specifically, "[t]he statutes governing removal provide no mechanism for the removal of a state court action to a case that is pending in federal court. Instead, they contemplate the institution of a new federal court action when a state court action is removed to federal court." *Jalon v. Bank of Am.*, No. 22-4039, 2023 WL 6429607, at *2 (E.D. Pa. Sept. 29, 2023). Thus, a notice of removal filed in an already-existing civil lawsuit instituted in federal court is improperly filed. *Id.* Moreover, "[w]ithout proper removal, a state-court action does not belong in federal court in the first place[.]" *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996).

Because the instant civil action was pending in this federal district court, and plaintiff subsequently attempted to remove a separately pending state court action into this pending federal civil action, the notice of removal [Doc. 11] was improper, and therefore, the state court action, to the extent it was deemed properly removed, is **REMANDED**. Defendants' motion to remand [Doc. 14] is therefore **DENIED as moot**.

## V. Dismissal/Amendment

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may, at any time, *sua sponte* or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A plaintiff bears the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023).

Given plaintiff's *pro se* status, the Court notes that federal courts have a duty to "liberally construe the briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). At the same time, however, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As such, courts have not typically "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

After a responsive pleading or Rule 12(b)(6) motion has been served, a party may move for leave to amend a complaint by leave of the Court. Fed. R. Civ. P. 15(a). Under Rule 15(a)(2), a "court should freely give leave [to amend] when justice so requires." *Id*. The Court, however, must balance the harm to the moving party if he is not permitted to

amend against the prejudice caused to the other party if leave to amend is granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Specifically, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citation omitted).

In their motion to dismiss, defendants argue that plaintiff filed this action as a class action lawsuit, but, because plaintiff is proceeding pro se, he cannot represent the claims of others in a class action suit, but rather, can only represent his own claims [Doc. 13, pp. 3–4]. Further, the complaint relies solely on the CAFA provisions of 28 U.S.C. § 1332(d) in order to assert "minimal diversity" to meet the diversity requirements for subject matter jurisdiction [*Id.* at 5]. Defendants assert that, because the class action cannot be part of the complaint due to plaintiff's pro se status, plaintiff's claims must, on their own, meet the diversity requirements of 28 U.S.C. § 1332(a) [*Id.*]. But, on its face, the complaint establishes that plaintiff and both defendants are all citizens of the State of Tennessee [*Id.*].

Defendants are correct that the complaint's only statement regarding subject matter jurisdiction alleges that such jurisdiction is based on the CAFA [Doc. 1 ¶ 22]. Federal Rule of Civil Procedure 23 requires a class action lawsuit have a class representative that will fairly and adequately protect the interests of the class. *Ongori v. Adducci*, No. 2:16-cv-224, 2016 WL 7665535, at *1 (W.D. Mich. Dec. 14, 2016) (citing Fed. R. Civ. P. 23(a)(4)). And "[t]he Sixth Circuit has repeatedly held that *pro se* litigants are inadequate class representatives." *Id.* (citing *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003);

8

*Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Marr v. Michigan*, 89 F.3d 834 (6th Cir. 1996)). Accordingly, plaintiff, proceeding pro se, cannot bring the complaint as a class action, as he cannot fairly and adequately protect the interests of the class. *See id*. Further, because a pro se plaintiff cannot maintain a class action, the CAFA cannot provide the Court with subject-matter jurisdiction. *Mustric v. Huntington Nat'l Bank*, No. 2:18-cv-1279, 2019 WL 1472095, at *2 (S.D. Ohio Apr. 3, 2019).

Plaintiff seems to acknowledge this result through the filing of his proposed amended complaint [Doc. 19-1] and his other briefing [*See e.g.*, Doc. 20 ¶ 18 (arguing that the alleged defects mentioned in the motion to dismiss are curable by amendment); Doc. 20-1 ¶ 5 (same)]. Specifically, in his proposed amended complaint, plaintiff removes all reference to proceeding as a class action [*See* Doc. 19-1]. As to jurisdiction, the proposed amended complaint alleges that the Court has federal question jurisdiction over this action, pursuant to 28 U.S.C. § 1331, as well as diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) [*Id.* ¶ 22]. Accordingly, if the Court were to permit plaintiff to amend his complaint, the jurisdictional defect in the original complaint would be cured, that is, the basis for the Court's subject matter jurisdiction would no longer be the CAFA, but rather, distinct allegations of both federal question and diversity jurisdiction.

However, defendants argue that the proposed amended complaint also suffers from jurisdictional defects, and therefore, the motion to amend should be denied as futile [Doc. 23]. The Court will address each of defendants' jurisdictional arguments in turn.

9

### A. Diversity Jurisdiction

As to diversity, defendants argue that in both the original and proposed amended complaints, plaintiff alleged that he is a resident of California and Tennessee [*Id.* at 8]. But the proposed amended complaint removes language about venue in which plaintiff alleged that he "resides in this District" [*Id.*]. Defendants contend that an averment of residence is not an averment of citizenship, and therefore, when a plaintiff does not allege citizenship, the Court must dismiss the suit [*Id.* at 9]. Further, defendants allege that all parties in this action are citizens of the State of Tennessee [*Id.* at 10]. Defendants state that plaintiff attempts to obscure his citizenship by alleging dual residency, but citizenship is based on domicile, which is not synonymous with a person's residence [*Id.* at 10–11]. Defendants point to another case that plaintiff filed in this district in 2022, in which it was ultimately determined that plaintiff was a citizen of Tennessee for purpose of diversity of citizenship [*Id.* at 12 (citing *Cooper v. Blum Collins, LLP*, No. 3:22-cv-124, 2022 WL 20086757 (E.D. Tenn. 2022))]. Defendants also ask the Court to take judicial notice of the civil cover sheets signed and filed by plaintiff in other actions filed in this district, in which he has consistently identified himself as a citizen of Tennessee, including as recently as February and July of 2025 [*Id.* at 13–14].

Plaintiff replies, among other things, that he does not maintain a domicile in Tennessee, is not registered to vote in Tennessee, maintains a driver's license which was not issued in Tennessee, maintains a valid gun permit which was not issued in Tennessee [Doc. 27, p. 2]. Plaintiff argues that defendants rely upon an affidavit executed in 2022 to

suggest that his attestations from three years ago apply to his current citizenship and domicile, but they do not [*Id.*]. Plaintiff states that he checked the box regarding citizenship in this state, because he understood the term "citizen" to mean place of residence, not domicile [*Id.* at 3]. He asserts that his residence in Tennessee is solely for business purposes, and his domicile is neither Tennessee nor California [*Id.*]. Plaintiff attaches a declaration in which he asserts that his domicile is neither Tennessee nor California but which does not identify the location of his domicile [Doc. 27-1].

"[T]he party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships. This means that a plaintiff . . . must fully allege the citizenship of each party." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022) (internal citations omitted). "And because district courts have an independent obligation to determine whether subject-matter jurisdiction exists, they must hold litigants to this requirement." *Id.* (internal quotation marks and citations omitted).

Here, plaintiff has not met his burden in the proposed amended complaint of adequately alleging the citizenship of any party. In the proposed amended complaint, plaintiff alleges that he "is a citizen of the United States of America and a resident of Los Angeles County, California and Sevier County, Tennessee" [Doc. 19-1 ¶ 19]. He also alleges that SmartBank is a Tennessee corporation with a principal business address in Tennessee, and Floodquist is a Tennessee resident [*Id.* ¶¶ 20–21]. But plaintiff's statement of residency is not a statement of domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("Domicile is not necessarily synonymous with

11

residence, and one can reside in one place but be domiciled in another[.]" (internal citations and quotation marks omitted)). Further, plaintiff's reply brief and accompanying declaration indicate that he is domiciled in some undisclosed location [*See* Docs. 27, 27-1]. And, by failing to indicate the location of his domicile, plaintiff has failed to meet his burden of establishing the citizenship of every party. *See Pourtaghi*, 43 F.4th at 627. Accordingly, the proposed amended complaint fails to establish diversity jurisdiction exists, and therefore, the proposed amendment is futile in this regard.

**B.     Federal Question Jurisdiction**

As to federal question, defendants argue that the proposed amended complaint merely alleges federal question jurisdiction without further explanation [Doc. 23, p. 16]. Defendants contend that this is a conclusory allegation or legal conclusion that cannot be considered sufficient to establish jurisdiction [*Id.*]. Defendants note that all of the causes of action asserted in both versions of the complaint allege state law claims [*Id.*]. Further, defendants contend that the CARES Act, referenced in the complaint, does not provide either an express or implied private right of action [*Id.* at 17].

Plaintiff responds that he understood himself to have applied for a federal loan governed by federal law under the CARES Act [Doc. 27, p. 4]. The proposed amended complaint asserts that the instant action arises under the laws of the United States, specifically, the CARES Act and its PPP loan program [*Id.*].

"To establish federal question jurisdiction, the plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by its complaint." *Metro*

12

*Hydroelectric Co. LLC v. Metro Parks, Serving Summit Cnty.*, 443 F. Supp. 2d 938, 940 (N.D. Ohio 2006). Jurisdiction under federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Barber v. Standard Fuel Engineering Co.*, No. 22-11601, 2023 WL 143329, at *2 (E.D. Mich. Jan. 10, 2023) (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)).

Notably, all of plaintiff's claims in the proposed amended complaint are state law claims [*See* Doc. 19-1, pp. 45–99 (raising claims for breach of contract (Counts 1, 2, 3), breach of the implied covenant of good faith and fair dealing (Count 4), negligent misrepresentation (Count 5), fraudulent misrepresentation (Count 6), fraud in the inducement (Count 7), breach of fiduciary duty (Count 8), violation of Tennessee Consumer Protection Act (Count 9), and violation of Tennessee criminal law (Count 10))]. Plaintiff's only argument in support of federal question jurisdiction is that the underlying facts relate to the processing of a loan under the CARES Act and its PPP program. But the CARES Act does not create an express or an implied private right of action. *Shehan v. United States Dep't of Justice*, No. 1:20-cv-500, 2020 WL 7711635, at *10–11 (S.D. Ohio Dec. 29, 2020); *see also Moss v. Lee*, No. 3:21-cv-561, 2022 WL 68388, at *5 (M.D. Tenn. Jan. 6, 2022) ("Courts around the country, including those within the Sixth Circuit, have concluded that the CARES Act does not create either an explicit or implied private cause of action."). Because there is no private right of action to sue for a violation of the PPP, federal courts lack federal question jurisdiction over claims involving such alleged violations. *Shehan*, 2020 WL 7711635 at *12; *see also Betancourt v. Total Prop. Mgmt.*,

13

No. 1:22-cv-33, 2022 WL 2359286, at *3 (E.D. Cal. June 30, 2022) ("Because the CARES Act provides no private right of action . . . [plaintiff] is unable to invoke federal jurisdiction under the CARES Act."). Accordingly, plaintiff's reliance on the CARES Act as a federal law underlying his state law claims is insufficient to create federal question jurisdiction. Therefore, in this regard, plaintiff's proposed amended complaint is futile.

### C. Supplemental Jurisdiction

Finally, plaintiff suggests that, even if the Court lacks subject matter jurisdiction, it should maintain supplemental jurisdiction over his state law claims [Doc. 27, p. 5]. But "[i]n order for a federal court to invoke supplemental jurisdiction . . . , it must first have original jurisdiction over at least one claim in the action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005). For all the reasons discussed *supra*, plaintiff has not met his burden of establishing that the Court has original jurisdiction over any claim in his proposed amended complaint. Thus, the Court cannot exercise supplemental jurisdiction over any claims.

For all of these reasons, the Court concludes that the proposed amended complaint would be futile, in that, like the original complaint, it does not adequately alleged subject matter jurisdiction. Accordingly, plaintiff's motion to amend [Doc. 19] is **DENIED**, and defendants' motion to dismiss [Doc. 13] is **GRANTED**. This case will be dismissed without prejudice for lack of subject matter jurisdiction.

### VI. Conclusion

For the reasons set forth above, plaintiff's motion to stay [Doc. 16], motion to strike

[Doc. 20], and motion to amend [Doc. 19] are **DENIED**, defendants' motion to remand [Doc. 14] is **DENIED as moot**, and defendants' motions to dismiss [Doc. 13] is **GRANTED**.  The state court action referenced in the notice of removal [Doc. 11] is **REMANDED**, and this civil action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.  An appropriate Order shall enter.

        IT IS SO ORDERED.

                                  s/ Thomas A. Varlan
                                  UNITED STATES DISTRICT JUDGE